### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY VAN FERRELL, JR.,                )    |  |
|                                                                  ) | |
|            Petitioner,                           ) | |
|                                                                  ) | |
| vs.                                                         )   NO. CIV-07-0261-HE | |
|                                                                  ) | |
| MIKE CARR,                                        ) | |
|                                                                  ) | |
|            Respondent.                         ) | |

### ORDER

Petitioner Johnny Ferrell, Jr., a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Doyle W. Argo, who recommended that the petition be denied as to petitioner's first, second, and third grounds and that it be re-referred regarding the petitioner's fourth grounds. The Magistrate Judge also recommended that the petitioner's motion for bail and his motion for summary judgment be denied.

The petitioner has filed an objection to the Report and Recommendation. With respect to his first grounds for habeas relief, the petitioner asserts that the intermediate sanction of requiring petitioner to pay for all or part of his treatment costs at the "House of Hope" precludes the respondent from also revoking his parole, under the Double Jeopardy Clause. Petitioner relies upon State v. Campbell, 965 P.2d 991 (Okla. Crim. App. 1998). In Campbell, the prisoner was subject to an administrative disciplinary fine first and then to a criminal prosecution for his escape attempt. Here, petitioner was subject to certain

intermediate sanctions and then to parole proceedings.  As noted by the Magistrate Judge, parole determinations are not considered criminal punishment subject to the Double Jeopardy Clause.  *See* Kell v. United States Parole Com'n, 26 F.3d 1016, 1020 (10th Cir. 1994).

As to his second ground, due process under the Fourteenth Amendment, the petitioner points to two Oklahoma Department of Corrections policies that he argues prohibited Senior Officer Ernest Schneider from conducting his preliminary revocation proceeding.  However, neither OP-090124 nor OP-060125 address parole revocation proceedings.[1]  Furthermore, as stated by the Magistrate Judge, due process is satisfied if, as here, the probable cause officer is a parole officer other than the one who made the report of parole violations or recommended revocation.  *See* Morrissey v. Brewer, 408 U.S. 471, 486 (1972).  Also, here the petitioner waived his right to a final revocation hearing, which does require a neutral detached hearing body.  *See id. at* 487.

The petitioner did not object to the recommendation as to the third and fourth grounds or as to the motions for bail and summary judgment.[2]  He did state that he has received thirty-five of the forty-two days at issue under grounds four.

The court agrees with the Magistrate Judge's analysis in the Report and Recommendation.  Accordingly, the court **ADOPTS** the Report and Recommendation [Doc.

---

[1]*OP-090124 outlines the inmate grievance process and OP-060125 states the procedures for inmate discipline.*

[2]*Having failed to object to these portions of the Report and Recommendation, the petitioner has waived any right to appellate review of these factual and legal issues.* United States v. One Parcel of Real Property, *73 F.3d 1057, 1059-60 (10th Cir. 1996). See 28 U.S.C. § 636(b)(1); LCvR 72.1(a).*

# 18].  The petitioner's motion for bail [Doc. # 1, Exhibit 5] and his motion for summary judgment [Doc. # 15] are **DENIED**.  The petition for writ of habeas corpus is **DENIED** as to petitioner's first, second, and third grounds and this matter is **RE-REFERRED** to Magistrate Judge Argo as to petitioner's fourth ground.

As recommended by the Magistrate Judge, the respondent is directed to respond to grounds four of the petition within **twenty (20) days** from the date of this order and the petitioner may file his reply within **fifteen (15) days** of the date the response is filed.

**IT IS SO ORDERED**.

Dated this 28th day of December, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE