IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY VAN FERRELL, JR., ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Case No. CIV-07-261-HE |
| ) | |
| MIKE CARR, ) | |
| ) | |
| Respondent ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is Respondent's Second Motion to Dismiss Writ of Habeas Corpus. Although Petitioner has failed to respond, the time for doing so has now passed and so the matter is at issue and ready for disposition.

Petitioner is not challenging his convictions, but instead the revocation of his parole in Case Nos. CF-1996-1756 (uttering a forged instrument, four counts); CF-1996-2823 (uttering a forged instrument after former conviction of a felony); CF-1996-4237 (uttering a forged instrument after former conviction of a felony); and CF-1996-3258 (felony possession of a controlled dangerous substance, after former conviction of a felony), District Court of Tulsa County.[1] Petitioner was convicted on March 3, 1997, and

---

[1]There is some confusion as to which of Petitioner's many convictions he was on parole and on which parole was revoked. As noted, Petitioner lists the four 1996 Tulsa County case numbers, including Case No. CF-1996-3258, which appears to have been discharged in 2002, before his parole was revoked. The Probable Cause Hearing Summary lists the other three 1996 Tulsa County cases, but the Certificate of Parole Revocation lists the following 1997 cases as ones on which Petitioner's parole was revoked. CF-1997-

was sentenced on November 26, 1997, to serve twenty years imprisonment on each count in the first three cases, and ten years imprisonment in CF-1996-3258, with the sentences to run concurrently.  Petition, p. 1; First Motion to Dismiss, Ex. 4, p. 2.

## I. BACKGROUND

On February 24, 2005,[2] the Governor of the State of Oklahoma granted parole to Petitioner.  Ex. 3, Motion to Dismiss.  Petitioner was arrested for the alleged parole violations on March 15, 2006, pursuant to an Oklahoma Department of Corrections (ODOC) arrest warrant that was issued on March 8, 2006.  Petitioner's Brief in Support of Habeas Corpus, p. 4. On March 16, 2006, while being held in the Rogers County Jail, Claremore, Oklahoma, Petitioner was served with notice that a hearing would be conducted on March 23, 2006, to determine if probable cause existed to believe that he had violated the rules and conditions of his parole.  Ex. E, Petitioner's Brief in Support of Habeas Corpus.  It was alleged that Petitioner failed to notify his supervising officer of an arrest; that the District Court of Tulsa County issued a protective order against Petitioner following an alleged assault; that a police report was made with the Tulsa Police Department alleging assault and battery-domestic on numerous occasions; that

---

3667 (obtaining merchandise by false pretenses); CF-1997-4617 (obtaining merchandise by false pretenses); CF-1997-4363(unauthorized use of a credit card, two counts); CF-1997-5058 (obtaining merchandise by false pretenses, four counts); and CF-1997-5105(false declaration of ownership), District Court of Tulsa County. Petitioner was convicted in those cases on November 26, 1997, and was sentenced to five years imprisonment on each count, to run concurrently.  In any event, the undersigned finds that any confusion as to the cases in which Petitioner's parole was revoked is not relevant to the issues he raises.

[2]This is the date stated on the Governor's Certificate of Parole Revocation.  Ex. 3, Motion to Dismiss. However, on both the Probable Cause Hearing Summary and in Petitioner's Brief in Support of Habeas Corpus, the date of parole is listed as June 27, 2003.  Ex. 1, Motion to Dismiss; Petitioner's Brief in Support of Habeas Corpus, p. 4.  Although it is unnecessary for the Court to determine which date is correct in order for the issues raised herein to be resolved, an Oklahoma Department of Corrections' time calculation provided in response to Petitioner's grievance indicates that the 2003 date is probably correct.  See Ex. N, Petitioner's Brief in Support of Habeas Corpus.

Petitioner failed to maintain full-time verifiable employment, and failed to notify his supervising officer of changes in residence and telephone; that Petitioner failed to report to and/or contact his supervising officer as directed on several occasions; that Petitioner tested positive for cocaine on two occasions, and once requested and failed to pay for a retest; that Petitioner admitted to cocaine use four days prior to urinalysis and then, as of the date of the violation report, had failed to enter either of the substance abuse treatments ordered as a result; that Petitioner left the probation office without submitting a urine sample; that Petitioner was in arrears on parole fees and had failed to obtain a new payment plan with the District Court of Tulsa County with regard to his court costs. Id. at p. 2.

After a postponement, the probable cause hearing was conducted at the Rogers County Jail on March 30, 2006; Petitioner's attorney was present in an advisory role, and his former parole officer appeared as a witness on behalf of the State. Ex. 1, Motion to Dismiss.  The Probable Cause Hearing Summary reflects that probable cause was found to believe that Petitioner had violated certain rules of his parole. Id. In particular, the hearing officer found that Petitioner's arrest by the Tulsa Police Department for possession of crack cocaine, and the protective order and police report indicating domestic abuse assault and battery showed probable cause to believe that Rules 2 and 6 of his parole had been violated.[3]  Ex. 1, Motion to Dismiss. On April 19, 2006, Petitioner

---

[3] According to the Probable Cause Hearing Summary, Rule 2 required Petitioner to obey all local, state and federal laws and to immediately report any arrests to his supervising officer, and Rule 6 required Petitioner not to possess illegal drugs. Ex. 1 p. 2, Motion to Dismiss. The hearing officer stated that probable cause was not found as a result of the other alleged violations due to the previous imposition of intermediate sanctions.

was returned to ODOC custody, Ex. N p. 2, Brief in Support of Habeas Corpus, and an Executive Parole Revocation Hearing was set for May 4, 2006. Ex. 2, Motion to Dismiss. However, Petitioner waived his right to an Executive Parole Revocation Hearing on April 26, 2006. Id. Petitioner's parole was revoked by Governor Brad Henry on July 31, 2006. Motion to Dismiss, Ex. 3. Petitioner filed an application for state post-conviction relief with regard to the issues raised herein, and that application was denied on September 28, 2006. Motion to Dismiss, Ex. 4 (Ferrell v. State, Nos. CF-1996-1756, CF-1996-2823, CF-1996-3258, CF-1996-4237 (Dist. Ct. Tulsa Co. Oct. 18, 2006)). Petitioner attempted to appeal from that denial, but his appeal was dismissed as untimely. Motion to Dismiss, p. 2; Ferrell v. State, MA-2006-1297 (Jan. 31, 2007) (attached to Petition as second exhibit).

## I.  PROCEDURAL HISTORY

Petitioner initially sought habeas relief on four grounds, but only one ground – Ground Four – remains for consideration. In Ground One, Petitioner claimed that he was subjected to intermediate sanctions, making revocation of his parole illegal on grounds of double jeopardy. Petition, p. 4. In Ground Two, he claimed that his right to due process under the Fourteenth Amendment was violated by the State during his revocation hearing. Petition, p. 6. In Ground Three, he claimed that he was denied counsel during the revocation hearing, in violation of the Sixth Amendment. Petition, p. 7. In the remaining ground, Petitioner claims that the State illegally "restarted" his sentences. Petition, p. 9.

In a previous motion to dismiss, construed by the undersigned as a response to the petition, Respondent claimed that Petitioner had failed to raise any constitutional violations. In a Report and Recommendation issued on June 15, 2007, the undersigned agreed and recommended that relief be denied on Grounds One, Two and Three. [Doc. No. 18]. However, in Ground Four, Petitioner complains that the State "illegally restarted Petitioner's sentence," Petition, p. 9, complaining that from the time he was arrested on the ODOC warrant until the time he was returned to ODOC custody, he received no credit toward completion of his sentence. See Brief in Support of Petition, Exs. M & N. Respondent wholly failed to address this issue in the response, and also failed to provide Petitioner's Consolidated Record Card,[4] making it impossible to know with certainty any of the relevant dates or time credits or whether Petitioner received "street time" as well as jail credit toward completion of his sentence.

In the previous Report and Recommendation, the undersigned noted that in a request to staff dated October 27, 2006, Petitioner states: "Please help me understand the formula. 'Day for Day' until warrant issuance/time stops until date of reception at [ODOC]/time restarts 'Day for Day' until date of revocation by Governor then you receive acquired level (i.e. 2, 3, or 4) at time of revocation. Is this correct.?" Brief in Support of Petition, Ex. M. He received a response on November 29, 2006: "Yes that's correct. It's in OP-060211 if you not sure." Id. Petitioner appealed, and relief was denied. Id. at Ex.

---

[4]Under ODOC OP-060211.VI.A, the Consolidated Record Card "will be the official document used to record the earned credit history and all actions effecting the release date of any inmate remanded to the custody of the department." Oklahoma Dep't of Corr. Official Website, Procedures, Policy and Operations Manual - Classification and Case Management - 06 <http://www.doc.state.ok.us/Offtech/op060211.pdf> (accessed June 14, 2007).

N.  Attached to the denial was a further explanation, quoting a portion of OP-060211 and providing a calculation of the time awarded:

> Per OP-060211 Section V.C.4. which states: "If the parole is being revoked due to technical violations only or pending charges, the date of the Department of Corrections warrant is used to determine street time." Your correct time on the last day of May 2003 was 3054 day [sic] remaining, you paroled on June 27, 2003 with 2973 days remaining, 27 days served and 54 earned credits given for June 2003.
>
> You returned to LARC on April 19, 2006. Your parole revocation was signed on July 31, 2006 awarding you street time.  Street time is awarded from the day of parole to the day of your arrest warrant is issued.

Id. at 2. At the bottom of that same page, Petitioner has added a notation:

> As the Court will note, there was no credit applied for the time accumulated between March 8, 2006-April 18, 2006 [per ODOC's own issuance, warrant issuance]
>
> This action, issuance of an ODOC warrant, stopped my acuiring [sic] of time credits towards completion of my sentence which commenced on November 26, 1997, then ODOC *illegally* "re-started" my sentence on April 19, 2006 for completion.

Id.  The undersigned noted that the provision quoted in ODOC's response to Petitioner's administrative grievance did not address whether or not he was entitled to credit for the time spent in the Rogers County Jail on the ODOC parole violator warrant. In light of these facts, and Respondent's failure to address the issue, the undersigned recommended that Respondent be directed to respond to Ground Four and provide additional information to the Court regarding both ODOC policy and Petitioner's sentence calculation.  The Report and Recommendation was adopted by Judge Heaton on December 28, 2007.

## III. DISCUSSION

As noted, Respondent has now filed a second motion to dismiss. However, rather than responding to the merits of Ground Four as directed, Respondent claims for the first time that Petitioner's claims are procedurally barred, and that he has failed to exhaust his administrative remedies.

However, even assuming Respondent has not waived[5] the defense of procedural default, the Court need not address the issue when the claim is invalid on the merits. Miller v. Mullin, 354 F.3d 1288, 1297 (10th Cir. 2004) (per curiam) (declining to address issues involving procedural default "[i]n the interest of judicial economy" "'because the case may be more easily and succinctly affirmed on the merits'" (citations omitted)). Attached to Respondent's motion is the affidavit of Jim Rabon, the Administrator of Sentence Administration for the Oklahoma Department of Corrections, and that affidavit clearly indicates that Petitioner received both street time and jail credit toward service of his parole revocation sentences. Thus, it appears that Petitioner has received the relief requested in Ground Four. Accordingly, rather than address the procedural merits of the motion filed by Respondent, it is recommended that the only remaining ground for relief be dismissed as moot as Petitioner has received all street time and jail time credits to

---

[5]State court procedural default is an affirmative defense which must be asserted by the state, Hooks v. Ward, 184 F.3d 1206, 1216 (10th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 165-66 (1996)). Respondent inexplicably claims that there is no jurisdiction in this Court. Hardiman v. Reynolds, 971 F.2d 500, 503 (10th Cir. 1992) ("In a § 2254 habeas action, state procedural default is not a jurisdictional defense...."). Respondent's counsel continues to confuse the role of direct review of state court judgments in the United States Supreme Court and habeas review in the federal courts, all the while quoting from the very case explaining the distinction. See Second Motion to Dismiss, p. 8 (quoting Coleman v. Thompson 501 U.S. 722, [730] (1991) ("The basis for application of the independent and adequate state ground doctrine in federal habeas is somewhat different than on direct review by this Court....").

which he alleges he is entitled. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." <u>Aragon v. Shanks</u>, 144 F.3d 690, 691 (10th Cir.1998). The requirement that a petition present a "case or controversy" means that the plaintiff must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (citation omitted).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Respondent's second motion to dismiss [Doc. No. 22] be denied but that the remaining ground in the petition, Ground Four, be dismissed as moot. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by April 24, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 4th day of April, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE